JUDGE CARTER

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KIPLING APPAREL CORP.,

      Plaintiff,

v.

BOADING BAIGOU XINCHENG YOUNUO TRADING CO., LTD, Shenzhen XinYu Innovation Technology Ltd., TRAVISTAR, TINY CHOU, Shenzhen Fancier Industrial Co., Ltd. (d/b/a Fansela), Bagtopia, KESEE, Melord, Baisite Mall, Degohome, ITESOON, Big Mango, CHUANGLI, Cloth Shake, Dijinghao Shop a/k/a DJHbuy, Eaglebeky, Ecolaki, Edfamily, GuiShi E-commerce Co., Ltd, Hynbase, YOUDE, MiCoolker, Emily Boutique, The World of Queenie Wong a/k/a Queenie, Shop D'Oro, TianHengYi, YallFairy/YallFF, Noel Pullman, NANRUI Trading, Honesty & Reliable store, and Asm's Bag Store, John and Jane Does, AND XYZ COMPANIES,

      Defendants.

CASE NO. _____

**VERIFIED COMPLAINT**

# 18 CV 8333

Plaintiff KIPLING APPAREL CORP., by and through its undersigned counsel, for its

Complaint against BOADING BAIGOU XINCHENG YOUNUO TRADING CO., LTD,

Shenzhen XinYu Innovation Technology Ltd., TRAVISTAR, TINY CHOU, Shenzhen Fancier

Industrial Co., Ltd. (d/b/a Fansela), Bagtopia, KESEE, Melord, Baisite Mall, Degohome,

ITESOON, Big Mango, CHUANGLI, Cloth Shake, Dijinghao Shop a/k/a DJHbuy, Eaglebeky,

Ecolaki, Edfamily, GuiShi E-commerce Co., Ltd, Hynbase, YOUDE, MiCoolker, Emily

Boutique, The World of Queenie Wong a/k/a Queenie, Shop D'Oro, TianHengYi,

YallFairy/YallFF, Noel Pullman, NANRUI Trading, Honesty & Reliable store, and Asm's Bag

Store, John and Jane Does, and XYZ COMPANIES (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.      This is an action for trade dress and trademark infringement, unfair competition, and deceptive trade practices arising out of Defendants' marketing, sale, and offer to sell bags infringing the iconic look of the Kipling bags, an example as shown below:



Kipling claims protection in the unique combination of elements making up the overall look of the Kipling bags (the "Kipling Trade Dress") as defined in paragraphs 43 -46 herein.   The

Kipling Trade Dress has been in use since 1992 and is used on a variety of styles of bags (including backpacks, handbags, cross-body bags, etc.).  Its overall look with its *inter alia* crinkled fabric, circular emblem with stars, oversized zippers, and oversized zipper pull tabs, is unique to Kipling and popular with consumers.  Defendants have blatantly copied this unique and protected look as shown below.



| Genuine KIPLING Brand | Infringement | Infringement |
| --- | --- | --- |

2.      Defendants are manufacturing, distributing, offering for sale, and/or selling bags that unlawfully copy and infringe the iconic look of the Kipling bags.  Defendants' unlawful copying and infringement of the iconic look of the Kipling bags is knowing and willful, and continues despite Kipling's multiple objections to Defendants in the form of take down notices.  On information and belief, Defendants are part of a complex web of infringers that includes foreign manufacturers and multiple online third party sellers manufacturing, distributing, offering for sale, and/or selling massive quantities of infringing products through various American online marketplaces.  Defendants also market these infringing products through American social media platforms.  On information and belief Defendants have taken great lengths to avoid detection, including hiding their identities, using fake names, changing and/or

creating new third party online seller accounts, and using multiple purported "brand" names on the same infringing products.

3.      Plaintiff Kipling seeks injunctive relief to immediately and permanently cease Defendants' unlawful actions, and also seeks monetary damages from Defendants.

## THE PARTIES

4.      Plaintiff KIPLING APPAREL CORP. ("Kipling") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 3411 Silverside Road, Wilmington, Delaware 19810.  Kipling is the owner of the Kipling Trade Dress, Kipling Logo Marks, Kipling Word Marks, and Kipling Word and Design Marks as defined herein. Kipling and its licensees, authorized distributors, and affiliates are the sole and exclusive distributors in the United States of bags bearing the Kipling Trade Dress, Kipling Logo Marks, Kipling Word Marks, and Kipling Word and Design Marks (as defined herein).

5.      On information and belief, Defendant Baoding Baigou Xincheng Younuo Trading Co., Ltd. ("JINQIAOER") is a company organized and existing under the laws of China, with a last known principal place of business North of Gongyuan Road, Baigou Town, Gaobeidian, Baoding, Hebei, China 074000, and an email address of sll654143776@gmail.com.  On information and belief, defendant JINQIAOER manufactures, distributes and/or sells bags that unlawfully copy the iconic look of the Kipling bags in massive quantities, purporting to pass off said knock-offs as their own "Jinqiaoer" brand and sell and/or distribute to multiple defendants both named herein and yet unnamed XYZ companies to distribute, offer for sale, and/or sell said knock-offs.

6.      On information and belief, Defendant Shenzhen XinYu Innovations Technology Ltd. ("AOTIAN") is a company organized and existing under the laws of China, with a last known principal place of business at No. 8 South Lane 2, Jia'an Rd. Block 39, Xin'an St., Bao'an

Dist. Shenzhen, Guangdong China.  On information and belief, Defendant AOTIAN has also operated under the name Baoding Yannuo Bags Manufacturing Co., Ltd., with a principal place of business at 12A-8, Yinling International Commercial Building, Baigou Town, Baoding, Hebei Province, China.  On information and belief, Defendant AOTIAN has further operated under the name Baoding Aotian Bag Trade Store, with a place of business in Gaobeidian City, Heibei Province, China.  On information and belief, defendant AOTIAN manufactures, distributes and/or sells Knock-Offs under the purported brand "Aotian," offering to sell and/or selling such Knock-Offs on online marketplaces, including but not limited to Aliexpress.com and 1688.com.[1]

7.      On information and belief, Defendant TRAVISTAR is a company organized and existing under the laws of China, with a last known principle place of business at qianhaishenganghezuoqu qianwanyilu 1hao A dong 201shi, shenzhenshi, guangdongsheng, China, 518116, and an email address of sandianke@yahoo.com.  On information and belief, defendant TRAVISTAR is offering for sale bags that infringe Kipling's rights on online marketplaces and its own website, https://www.travistar.top.

8.      On information and belief, Defendant TINY CHOU is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Tiny Chou and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

9.      On information and belief, Defendant Shenzhen Fancier Industrial Co., Ltd. (d/b/a Fansela) ("Shenzhen") is a company organized and existing under the laws of China, with a place of business at Room 302, Block 2, Taoyuanhuayuan, Sungang Street, Luohu District,

---

[1]  https://aotianbag.1688.com/?spm=a2615.7691479.0.0.6iP7La

Shenzhen, China 518048.  On information and belief, Defendant Shenzhen is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Fansela.

10.     On information and belief, Defendant Bagtopia is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Bagtopia and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

11.     On information and belief, Defendant KESEE is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name KESEE and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

12.     On information and belief, Defendant Melord is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Melord and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant Melord fulfills product orders at Zhouhua qinq xi zhen xiz ni guan li qu pu xin xi lu 37 hao 101 shi DongGuanShi Guandong 523660.

13.     On information and belief, Defendant Baisite Mall is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Baisite Mall with an email address of 894063657@qq.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

14.     On information and belief, Defendant Degohome is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Degohome with an email address of u66862@163.com and, on information and belief, is based in China whose actual

name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant Degohome fulfills product orders at Zong Fan Qu, 119 3rd billage Tengta Liandu District LishuiCity Zhejiang, China 323000.

15.     On information and belief, Defendant ITESOON is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name ITESOON and, on information and belief, is based in China whose actual name is unconfirmed and true address currently unknown.

16.     On information and belief, Defendant Big Mango is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Big Mango and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

17.     On information and belief, Defendant CHUANGLI is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name CHUANGLI International and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant CHUANGLI fulfills product orders at JY Room 210, NO 5 Fuquan Second Street, Tianzhu County, Shunyi District BeiJingShi, China 101300.

18.     On information and belief, Defendant Cloth Shake is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Cloth Shake with an email address of shelleylian@163.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant Cloth Shake fulfills product orders at wangyongchun, xinzhai west street NO196, ganjingzhi qu DaLianShi, Liaoning, China 116000.

7

19.     On information and belief, Defendant Dijinghao Shop a/k/a DJHbuy is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Dijinghao Shop, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, defendant Dijinghao Shop a/k/a DJHbuy fulfills product orders at JY Room 210, NO5 Fuqian Second Street, Tianzhu County, Shunyi District BeiJingShi, China 101300.

20.     On information and belief, Defendant Eaglebeky is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name eaglebeky with an email address of eaglebeky@hotmail.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, defendant Eaglebeky fulfills product orders at Yaoye Rm155 No.1 East road, Jiuxianqiao, Chaoyang District, Beijiang, China 100015 18191560339.

21.     On information and belief, Defendant Ecolaki is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Ecolaki with an email address of zhaojing1279@outlook.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant Ecolaki fulfills product orders at yihua we, 101 A1 Floor Maohe Industrial Park, Wuhe main raid NO. 45 Bantian Zhenzhen City China Futian Shenzhen Guangdong China 518000.

22.     On information and belief, Defendant Edfamily is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name edfamily and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

23.     On information and belief, Defendant GuiShi E-commerce Co., Ltd. is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name GuiShi E-commerce Co., Ltd. and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.   On information and belief, Defendant GuiShi E-commerce Co., Ltd. fulfills product orders at Given, Guishi E-commerce Co., LTD, The Underground Plaza of North 4th District of hedao international trading center, Baigou town GaoBeiDianShi Hebei, China 074004.

24.     On information and belief, Defendant Hynbase is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Hynbase with an email address of weiyali1688@gmail.com and, on information and belief, is based in China whose actual name is unconfirmed and true address currently unknown.

25.     On information and belief, Defendant YOUDE is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name YOUDE with an email address of della199003@163.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant YOUDE fulfills product orders at TY18, 498 zhang guo shoujin high science and technology park road, Shanghai, China 201203.

26.     On information and belief, Defendant MiCoolker is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name MiCoolker with an email address of zhaoyong9886@gmail.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

27.     On information and belief, Defendant Emily Boutique is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Emily Boutique and,

on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

28.     On information and belief, Defendant The World of Queenie Wong a/k/a Queenie is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name The World of Queenie Wong with an email address of gqinteriors@msn.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant The World of Queenie Wong fulfills product orders at Zhou jin hong, Room 201D Innovation Center of High-Tech Industry in SongShanhu.

29.     On information and belief, Defendant Shop D'Oro is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name shopdoro with an email address of saullopasquale@hotmail.it and, on information and belief, is based in Italy whose actual name is unconfirmed and true physical address currently unknown.

30.     On information and belief, Defendant TianHengYi is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name TianHengYi and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant TianHengYi fulfills product orders at Zhouhua qing xi zhen xiz ni guan li qu pu xin xi lu 37 hao 101 shi Dong Guan Shi Guangdong, China 523660.

31.     On information and belief, Defendant YallFairy/YallFF is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name YallFair & YallFF with an email address of 969755451@qq.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.

32.     On information and belief, Defendant Noel Pullman is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Noel Pullman and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant Noel Pullman fulfills product orders at bolaiya, chengdu shuangliu district, customs clearance in China sichuan dajian road 289, BhenDuShi Sichuan, China 612200.

33.     On information and belief, Defendant NANRUI Trading is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name NANRUI Trading and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.  On information and belief, Defendant NANRUI Trading fulfills product orders at Jimmy Zhu, yuhai road 168(AM)LiWanQu GuangZhouShi GuangDong, China 510145.

34.     On information and belief, Defendant Honesty & Reliable store is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Honesty & Reliable store and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.   On information and belief, Defendant Honesty & Reliable store fulfills product orders at No. 159, Lotus Road, ZhouKouShi Henan, China 466000.

35.     On information and belief, Defendant Asm's Bag Store is offering for sale bags that infringe Kipling's rights on online marketplaces under the seller name Asm's Bag Store with an email address of jiaziyanchina@foxmail.com and, on information and belief, is based in China whose actual name is unconfirmed and true physical address currently unknown.   On

information and belief, Defendant Asm's Bag Store fulfills product orders at Tony Zheng, 8F,

BldgA, U-Center 28 Chengfu Road, Haidian Dist, Beijing, China 100083 82028870.

36.     On information and belief, the Defendants are acting in conjunction with various

Defendant JOHN AND JANE DOES and XYZ COMPANIES whose identities are not presently

known (all Defendants identified in Paragraphs 5 through 35 plus the John and Jane Does and

XYZ Companies are collectively referred to as "Defendants"). If additional Defendants'

identities become known, the Complaint herein will be amended to include such names of these

individuals and corporations.

### JURISDICTION AND VENUE

37.     This is an action for trade dress infringement, trademark infringement, and unfair

competition arising under 15 U.S.C. § 1051, *et seq*. and for unlawful and deceptive acts and

practices under the laws of the State of New York.

38.     This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §

1121(a), and the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has

supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

39.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may

properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in New York and causes harm to Plaintiff's business

within this Judicial District.

40.     Defendants have targeted sales to New York residents by offering infringing bags

for sale online and/or by operating online stores that offer bags that infringe Kipling's trademark

rights.  Defendants offer shipping to the United States, including New York, and accept payment

in U.S. dollars.   On information and belief Defendants have sold and have offered to sell

infringing knock-off bags to residents of New York and this District.

41.     Each Defendant is committing tortious acts in New York, is engaging in interstate commerce, and has wrongfully caused Kipling substantial injury in the State of New York and this Judicial District.

**KIPLING TRADE DRESS,**
**KIPLING LOGO MARKS, AND KIPLING WORD AND WORD & DESIGN MARKS**

42.     Kipling was founded in 1987 with its name inspired by Rudyard Kipling, the author of "The Jungle Book."  Kipling is one of the world's leading producers of backpacks, handbags, luggage, and other carrying bags (collectively, "bags").  Kipling provides consumers a high quality and distinctive worldwide brand, offering a range of bags for a variety of lifestyles.

**KIPLING TRADE DRESS**

43.     Since 1992, Kipling has sold bags bearing the following combination of elements that were at the time they were adopted, and remain today, unique to Kipling:

(a)     crinkled fabric  that has both a unique look and feel and appeals to the consumers' eye and touch;

(b)     an emblem on the front of the bag with concentric circles, a star at the center, and a ring of small rectangles inside the outermost concentric circle;

(c)     oversized circular zipper pull tabs with a pronounced black outer frame and two concentric inner circles in silver; and

(d)     oversized zippers with oversized teeth in a silver-grey matte finish.

44.     The above combination of elements is collectively referred to as the "Kipling Trade Dress."  This unique and arbitrary combination of elements identifies the source of the bags bearing this combination as Kipling.  The primary significance of the Kipling Trade Dress

13

is to identify the source of the bag as Kipling.  Consumers coming across this combination of elements on a bag identify the bag as coming from Kipling.

45.     Each Kipling bag bearing the Kipling Trade Dress incorporates all of the same elements making up the Kipling Trade Dress as shown below.  Each Kipling bag bearing the Kipling Trade Dress is immediately recognizable as coming from Kipling because of the distinctive Kipling Trade Dress.

46.     The Kipling Trade Dress is used on many different styles of Kipling bags, including those asserted in this litigation, as shown below:





47.    Kipling has sold its bags bearing the Kipling Trade Dress in the United States since 1992 and the Kipling bags bearing the Kipling Trade Dress have been referred to as "the best women's casual bag in the world."[2]  More than 35 million people around the world now own at least one Kipling bag.[3]

48.    The Kipling Trade Dress has been widely promoted, both in the United States and throughout the world, and is widely recognized.  Kipling has invested tens of millions of dollars in promoting the sale of the products bearing the Kipling Trade Dress in a wide variety of media.

---

[2] *See, e.g.,* https://www.clickthecity.com/events/details.php?id=14368.

[3] *See, e.g.*, https://www.kipling-usa.com/our-story-kip/our-story-kip.html.

49.     Plaintiffs' efforts have yielded widespread sales.  Kipling has sold over 2 billion dollars worth of bags bearing the Kipling Trade Dress since 1992.  The Kipling Trade Dress has been the subject of extensive third-party press and unsolicited media coverage, underscoring its recognition as a source indicator of Kipling.  The Kipling Trade Dress is so well-recognized that when Kipling revived some of its 1990s designs last year in a retro collaboration with Urban Outfitters, the trade dress elements were cited in the press coverage as signature elements of Kipling design.  For example:

(a)     "Urban Outfitters has teamed up with Kipling to bring your '90s school-girl back to life - **crinkle nylon fabric**, monkey keychain and all. Each silhouette is a glorious recreation of Kipling's sport-cool designs and features its **iconic contrast logo and pronounced zippers**."  (Fashionista (emphasis added))

(b)     "The collection is a reimagining of Kipling's **notorious designs, featuring oversized zippers**, a contrast logo, and their iconic monkey keychain." (Huffington Post (emphasis added))

(c)     "Kipling bags were the jam . . . Constructed of lightweight, **crinkly nylon and complete with oversized zippers**." (Bravo TV (emphasis added))

50.     True and correct copies of the above-referenced articles are collectively attached as Exhibit A.

51.     Kipling's extensive and continuous use of the Kipling Trade Dress has enabled it to achieve renown in the handbag, backpack, bag accessories, and luggage market.

52.     Kipling's reputation is a direct result of its extensive advertising, promotion, concomitant widespread sales, quality standards, and exclusivity of being sold through Kipling and authorized distributors.

53.     Kipling has carefully built its reputation by, among other things, adhering to strict quality control standards and its commitment to customer service.  Moreover, Kipling's products are manufactured pursuant to specific stringent guidelines.

54.     Based on the extensive sales of the Kipling bags and the wide popularity of same, the Kipling Trade Dress has developed significance in the minds of the relevant purchasing public, and the products utilizing the Kipling Trade Dress are singularly associated and identified by the purchasing public as originating with Kipling.

55.     The combination of elements comprising the Kipling Trade Dress is nonfunctional.

56.     The combination of these elements is not essential to the use or purpose of the bags.  It does not reduce the cost or improve the performance of the bags.

57.     Kipling's use of the combination of these elements does not put any competitors at any significant disadvantage.

58.     Competitors have available a multitude of alternative designs they could use.

**<u>KIPLING LOGO MARKS</u>**

59.     Kipling also owns numerous federal trademark registrations and an application for its logo as shown below.

18

| Mark | Registration/Application Number and Date | Goods and Services |
|------|------------------------------------------|--------------------|
|  | 1,889,891<br><br>4/18/1995 | Traveling bags; handbags; schoolbags; all purpose sport bags; cosmetic bags sold empty; vanity cases sold empty; suitcases; carrying cases for books, stationery, clothing and shoes; rucksacks; backpacks; waist packs; bags for board games and card games; key cases; pocket wallets and purses in Class 18 |
|  | 4,455,299<br><br>12/24/2013 | Jackets in Class 25 |
|  | 4,708,411<br><br>3/24/2015 | Passport cases; pen or pencil holders in Class 16 |
|  | 87183502<br><br>9/26/2016 | Traveling bags; trunks; handbags; schoolbags; all purpose sportbags; cosmetic bags sold empty; vanity cases sold empty; suitcases; carrying cases for books, stationery, clothing, and shoes; rucksacks; backpacks; waistpacks; key-cases; reusable shopping bags; pocket wallets and purses in Class 18 |

60.     Attached hereto as collective Exhibit B are true and correct copies of the United States Patent and Trademark Office certificates of registration listed above that, in accordance with §§ 7(b) and 22 of the Lanham, 15 U.S.C. § 7(b) and 1072, constitute constructive notice of Kipling's ownership of these trademarks.  All of the registrations set forth in Exhibit B are valid, subsisting, and owned by Kipling.

61.     Registration No. 1,889,891 has achieved incontestable status and accordingly is conclusive evidence of the validity of and Kipling's exclusive right to use the mark shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b), respectively.

62.     Kipling additionally owns common law rights in these marks for use in connection with bags, luggage, apparel, accessories and retail services for those goods, including online retail store services.  Kipling's registrations, applications, and common law rights in its logo trademarks are collectively referred to as the "Kipling Logo Marks."

### KIPLING WORD, AND WORD AND DESIGN, MARKS

63.     Kipling also owns numerous federal trademark registrations and applications for its word mark and word with design marks as shown below.[4]

| Kipling Word Marks | Registration Number and Date | Goods and Services |
|---|---|---|
| **KIPLING** | 2,945,417 5/3/2005 | Travel cases; suitcases; school bags; bags, namely, all purpose sport bags, bags for campers, bags for climbers, cosmetic bags sold empty, duffel bags, clutch bags, handbags, travel bags; backpacks in Class 18 |
| KIPLING | 4,537,944 5/27/2014 | Jackets in Class 25 |

---

[4] In addition to the marks depicted herein, Kipling owns Registration Number 2,806,067 for the below design mark ("the Longtail Monkey Design Mark"), which was registered on January 20, 2004, and covers the following goods and services: Travel cases; suitcases; school bags; bags, namely, all purpose sport bags, garment bags for travel, bags for campers, bags for climbers, cosmetic bags sold empty, duffel bags, clutch bags, net bags for shopping; handbags, travel bags; backpacks in Class 18



| Kipling Word Marks | Registration Number and Date | Goods and Services |
|---|---|---|
| KIPLING | 4,816,387<br>9/22/2015 | Metal locks for luggage in Class 6<br>Passport cases; pen or pencil holders in Class 16<br>Towels in Class 24 |

| Kipling Word and Design Marks | Registration Number and Date | Goods and Services |
|---|---|---|
|  | 1,511,776<br>11/8/1988 | Handbags, suitcases, and wallets in Class 18 |
|  | 1,952,994<br>1/30/1996 | Traveling trunks and traveling bags, handbags, school bags, athletic sport bags, make-up bags sold empty, toilet cases sold empty, suitcases, attache cases, book bags, rucksacks, backpacks, waist packs, key cases, pocket wallets, purses, and umbrellas in Class 18 |
|  | 3,397,799<br>3/18/2008 | Retail store and wholesale store services in the field of handbags, luggage and related accessories; providing consumer product and dealer information via the Internet in Class 35 |

64.    Kipling additionally owns common law rights in these marks for use in connection with bags, luggage, apparel, accessories and retail services for those goods, including online retail store services.  Kipling's registrations, applications, and common law rights in its word trademarks are collectively referred to as the "Kipling Word Marks."  Kipling's registrations, applications, and common law rights in its word and design trademarks are collectively referred to as the "Kipling Word and Design Marks."

65.    Plaintiff is also the owner of the trade name "KIPLING" under which it has offered for sale, promoted, and advertised Kipling products in the United States.

66.     The bags bearing the Kipling Trade Dress also bear the Kipling Logo Marks and Kipling Word Marks.  Consumers, potential consumers and other members of the public and handbag and luggage industry have come to recognize that Kipling bags bearing these marks originate with Kipling exclusively.

67.     The Kipling Logo Marks, Kipling Word Marks, and Kipling Word and Design Marks have also been widely promoted, both in the United States and throughout the world, and are widely recognized.  Kipling has invested millions of dollars in promoting the sale of the Kipling bags bearing these marks.  The Kipling Logo Marks, Kipling Word Marks, and Kipling Word and Design Marks are now both distinctive and famous and uniquely associated with Kipling.

68.     Kipling carefully controls the distribution of its genuine bags bearing the Kipling Trade Dress, Kipling Logo Marks, Kipling Word Marks, and Kipling Word and Design Marks.  Kipling sells through specialty stores and department stores.  Macy's, the nation's largest department store retailer, carries bags bearing the Kipling Trade Dress, Kipling Logo Marks, and Kipling Word Marks in over 100 different skus.

69.     Kipling's reputation is a direct result of its extensive advertising, promotion, concomitant widespread sales, quality standards, and exclusivity of being sold through Kipling and authorized distributors.

**DEFENDANTS' WRONGFUL CONDUCT**

70.     Counterfeiting and infringement is epidemic in the field of handbags, backpacks, and related accessories.  Kipling frequently encounters infringers who copy the Kipling Trade Dress, Kipling Logo Marks, Kipling Word Marks, and/or the Kipling Word and Design Marks.

71.     Kipling is a victim of massive and repeated attempts by veiled foreign entities, including the Defendants, to slavishly copy its Kipling Trade Dress and Kipling Logo Marks.

72.     Long after the Kipling Trade Dress achieved prominence and acquired distinctiveness, Defendants adopted and began selling nearly identical bags that infringe and unfairly compete with genuine Kipling bags bearing the Kipling Trade Dress (the "Knock-Offs").

73.     The only reason for Defendants to mimic the iconic Kipling Trade Dress is to attempt to trade off its tremendous goodwill and siphon away sales from Kipling.

74.     Despite Defendants' knowledge of Kipling's rights in the Kipling Trade Dress, Defendants are offering for sale and selling the Knock-Offs featuring a nearly identical look, including:

(a)     crinkled fabric;

(b)     an emblem on the front of the bag with concentric circles and a star (or other prominent design) at the center;

(c)     oversized zipper pull tabs with a pronounced black outer frame and two concentric inner circles in silver; and

(d)     oversized zippers with oversized teeth in a silver-grey matte finish as depicted in paragraph 76 and below.

75.     Defendants' copying of the Kipling Trade Dress and Kipling Logo Marks is obviously intentional because the bags sold by the Defendants have been the subject of Kipling's policing efforts, resulting in numerous takedown notices sent to Defendants, yet Defendants continue to manufacture, distribute, sell and offer for sale infringing products.

76.     The below chart shows examples of the some of the Defendants' Knock-Offs:

| Genuine KIPLING Brand | Knock-off AOTIAN "Brand" | Knock-off JINQIAOER "Brand" |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

77.     The bags manufactured, distributed, and/or sold by Defendants Jinqiaoer and Aotian bearing the "brands" Jinqiaoer and Aotian are being sold in massive quantities by the other Defendants.   For example, Infringing Products bearing the knock-off "brand" JINQIAOER" are offered for sale on Amazon by a seller named "Tiny Chou" and advertised as "Tiny Chou" bags.  Similar infringing "Tiny Chou" bags are also sold by a number of differently named individual sellers on eBay.  At any one time infringing "Tiny Chou" bags bearing the knock-off "brand" "JINQIAOER" are being sold by over a dozen sellers on eBay alone.

78.     Some of the products in the below chart are offered for sale on Aliexpress by as-yet unnamed defendants, demonstrating even further the extent of the scheme to trade off of Kipling's reputation and goodwill.  The presence of these unidentified sellers alongside the named Defendants shows how, despite Kipling's best efforts to remove infringing listings and identify sellers, injunctive relief is necessary to prevent irreparable harm to Kipling from the pervasive and continued infringement of its intellectual property rights in the Kipling Trade Dress:

| Genuine KIPLING Brand | Knock-Off AOTIAN Brand[5] |
|---|---|
|  https://www.kipling-usa.com/seoul-go-vintage--large-laptop-backpack/100251917.html?rmsrc=1&rmatt=tsid:1047542\|cid:9073282 86\|agid:44385401999\|tid:aud-381506441738:pla-346256947140\|crid:214058264352\|nw:g\|rnd:485167056312490147 0\|d vc:c\|adp:1o7\|mt:\|loc:9005934&gclid=EAIaIQobChMI6ofq_oPW2wIV nbrACh3P8QrCEAYYByABEgJPAPD_BwE |  https://www.aliexpress.com/item/Top-Quality-Waterproof-Nylon-Women-Backpack-College-Style-Students-Backpack-School-Bags-For-bolsa-mochila-feminina/32806640103.html?ws_ab_test=searchweb0_0,searchweb201 602_2_10152_10151_10065_10344_10068_10130_10324_10342_572 3117_10547_10325_10343_10546_10340_10548_10341_10545_1069 6_10084_5722520_10083_10618_10307_10059_5722620_5722920_5 722720_5722820_100031_10103_10624_10623_10622_10621_10620 ,searchweb201603_50,ppcSwitch_5&algo_expid=57cd605c-938d-4ddb-9475-1af92e2d24b5-3&algo_pvid=57cd605c-938d-4ddb-9475-1af92e2d24b5&priceBeautifyAB=0 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Shenzhen |
|  https://www.kipling-usa.com/seoul-go-vintage--large-laptop-backpack/100251917.html?rmsrc=1&rmatt=tsid:1047542\|cid:9073282 86\|agid:44385401999\|tid:aud-381506441738:pla-346256947140\|crid:214058264352\|nw:g\|rnd:485167056312490147 0\|d vc:c\|adp:1o7\|mt:\|loc:9005934&gclid=EAIaIQobChMI6ofq_oPW2wIV nbrACh3P8QrCEAYYByABEgJPAPD_BwE |  https://www.amazon.com/Fansela-Casual-Lightweight-Daypack-Backpack/dp/B012FNBORW?th=1 |

---

[5]   This product listing from aliexpress.com showing one of the many bags infringing the Kipling Trade Dress and using the AOTIAN "brand," along with all the other product listings that do not identify a specific Defendant seller, demonstrate the wide extent of the scheme by multiple entities to unlawfully profit off of Kipling's reputation and goodwill.

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Tiny Chou |
|---|---|
|  https://kipling-usa.com/keiko-crossbody-mini-bag/AC7905.html?dwvar_AC7905_color=001 |  https://www.amazon.com/Tiny-Chou-Multilayer-Resistant-Crossbody/dp/B015V9QEMC |
| Genuine KIPLING Brand | Knock-off AOTIAN Brand sold by KESEE |
|  https://kipling-usa.com/keiko-crossbody-mini-bag/AC7905.html?dwvar_AC7905_color=001 |  https://www.amazon.com/dp/B073S3RYPZ?_encoding=UTF8&th=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand |
|  https://www.kipling-usa.com/defea-handbag/HB3170.html?dwvar_HB3170_color=414 |  https://www.aliexpress.com/item/New-Women-Handbags-Messenger-Bags-for-Women-Bag-Ladies-Handbag-Female-Designer-Shoulder-Crossbody-bag-sac/32764307583.html |

| Genuine KIPLING Brand | Knock-off AOTIAN Brand |
|---|---|
|  |  |
| https://www.macys.com/shop/product/kipling-callie-crossbody?ID=1412216&CategoryID=26846&swatchColor=Black#fn=sp%3D1%26spc%3D1%26ruleId%3D78%26kws%3Dkipling%20callie%26searchPass%3DallMultiMatchWithSpelling%26slotId%3D1 | https://www.aliexpress.com/item/AOTIAN-High-Quality-fashion-Women-s-Messenger-Bags-Nylon-Handbag-Travel-Casual-Original-Bag-Shoulder-Female/32882071570.html?ws_ab_test=searchweb0_0,searchweb201602_2_10152_10151_10065_10344_10068_10130_10324_10342_10547_10325_10343_10546_10340_10548_10341_10545_10696_10084_5722520_10083_10618_10307_10059_5722620_5722920_5722720_5722820_100031_10103_10624_10623_10622_10621_10620_5723120,searchweb201603_50,ppcSwitch_5&algo_expid=e628d867-2f6a-46c6-92ea-bf3fb2400274-6&algo_pvid=e628d867-2f6a-46c6-92ea-bf3fb2400274&priceBeautifyAB=0 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Bagtopia[6] |
|  |  |
| https://www.kipling-usa.com/alvar-crossbody-bag/HB4061.html?dwvar_HB4061_color=001#uuid=bebQsiaagZZtUaaadaBo73XvcP | https://www.amazon.com/Bagtopia-Lightweight-Crossbody-Waterproof-Multi-Pockets/dp/B01G9S9GQK |

---

[6] Same bag; different seller as GuiShi JINQIAOER Crossbody Bag

| Genuine KIPLING Brand | Knock-off AOTIAN Brand sold by KESEE[7] |
|---|---|
|  https://www.kipling-usa.com/alvar-crossbody-bag/HB4061.html?dwvar_HB4061_color=001#uuid=bebQsiaagZZtUa aadaBo73XvcP |  https://www.amazon.com/dp/B073S3KKKN?_encoding=UTF8&psc=1 |
| Genuine KIPLING Brand | Knock-off AOTIAN Brand sold by Melord[8] |
|  https://www.kipling-usa.com/alvar-crossbody-bag/HB4061.html?dwvar_HB4061_color=001#uuid=bebQsiaagZZtUa aadaBo73XvcP |  https://www.amazon.com/Melord-Rain-proof-Shoulder-Multilayer-Women%2560s/dp/B01I6RZA58?th=1 |

[7] Same bag; different seller as Melord AOTIAN Knock-Off Crossbody Bag
[8] Same bag; different seller as Kesee AOTIAN Knock-Off Cross Body Handbag

| Genuine KIPLING Brand | Knock-off JIARIQINGREN Brand sold by Degohome[9] |
|---|---|
|  |  |
| https://www.kipling-usa.com/el-dorado-crossbody-bag/AC2304.html?dwvar_AC2304_color=001#uuid=bcFyQiaagZKFQaaada9pB3XvbP | https://www.amazon.com/Degohome-Multinational-Waterproof-Crossbody-deeppurple/dp/B07BSB13WC?th=1 |
| Genuine KIPLING Brand | Knock-off JIARIQINGREN Brand sold by Tesoon[10] |
|  |  |
| https://www.kipling-usa.com/el-dorado-crossbody-bag/AC2304.html?dwvar_AC2304_color=001#uuid=bcFyQiaagZKFQaaada9pB3XvbP | https://www.amazon.com/Multilayer-Resistant-Crossbody-Bag-Shoulder/dp/B01F53F7PO?th=1 |

---

[9] Same bag; different seller as Tesoon JIARIQINGREN Crossbody Bag
[10] Same bag; different seller as Degohome JIARIQINGREN Knock-Off Crossbody Bag

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Big Mango[11] |
|---|---|
|  https://www.kipling-usa.com/angie-handbag/HB6680.html?dwvar_HB6680_color=467#uuid=bdheUiaagZJ2Qaaadkzyxp1b6D |  https://www.amazon.com/dp/B07918V1F8?_encoding=UTF8&psc=1 |
| **Genuine KIPLING Brand** | **Knock-off JINQIAOER Brand sold by Chuangli** |
|  https://www.kipling-usa.com/alvy-2-in-1-convertible-tote-bag-backpack/HB7350.html?dwvar_HB7350_color=140#uuid=336d7172ece7a5f3079a65fa7a |  https://www.amazon.com/CHUANGLI-Capacity-Waterproof-Menssage-Cross-body/dp/B074FYQ3PJ?th=1 |

---

[11] Same bag; different seller as Shop D'Oro JINQIAOER Knock-Off Handbag

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Cloth Shake |
|---|---|
|  https://www.kipling-usa.com/defea-handbag/HB3170.html?dwvar_HB3170_color=414#uuid=bexOkiaagZ0CQaaadabo73XvcP |  https://www.amazon.com/dp/B075LL7MWJ?_encoding=UTF8&psc=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Dijinghao Shop |
|  https://www.kipling-usa.com/alvar-xs-mini-bag/AC7098.html?dwvar_AC7098_color=001&colorid=001#uuid=bcdH2iaagZpLaaaadaiE33XvbP |  https://www.amazon.com/DJHbuy-Lightweight-Waterproof-Messenger-Crossbody/dp/B074112M22?th=1 |

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Ealgebeky[12] |
|---|---|
|  |  |
| https://www.kipling-usa.com/micah-medium-laptop-backpack/BP3914.html?dwvar_BP3914_color=485#uuid=bdSuEiaagZA16aaadiwbgo5lcK | https://www.amazon.com/JINQIAOER-Waterproof-Backpack-Traveling-Shoulder/dp/B01LZNEB97?th=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Shenzhen[13] |
|  |  |
| https://www.kipling-usa.com/defea-handbag/HB3170.html?dwvar_HB3170_color=414#uuid=bexOkiaagZ0CQaaadabo73XvcP | https://www.amazon.com/Fansela-Repellent-Casual-Messenger-Purple/dp/B00UMSA21C?th=1 |

---

[12] Same bag; different seller as Tiny Chou JINQIAOER Knock-Off Backpack
[13] Same bag; different seller as Ecokaki JINQIAOER Knock-Off Handbag

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Ecokaki[14] |
|---|---|
|  |  |
| https://www.kipling-usa.com/defea-handbag/HB3170.html?dwvar_HB3170_color=414#uuid=bexOkiaagZ0CQaaadabo73XvcP&display=141&sz=99 | https://www.amazon.com/Ecokaki-Waterproof-Messenger-Multi-Pocket-Organizer/dp/B015Z8DF3K?th=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Edfamily |
|  |  |
| https://www.kipling-usa.com/sally-handbag/HB6801.html?dwvar_HB6801_color=001#uuid=bc4PaiaagVoW2aaadrsNdgNr5S&display=141&sz=99 | https://www.amazon.com/edfamily-Lightweight-Waterproof-Crossbody-Messenger/dp/B01EVCR4GU?th=1 |

---

[14] Same bag; different seller as Shenzhen's Fansela JINQIAOER Knock-Off Handbag

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by GuiShi[15] |
|---|---|
|  https://www.kipling-usa.com/alvar-crossbody-bag/HB4061.html?dwvar_HB4061_color=490#uuid=bebQsiaagZZtUaaadaBo73XvcP |  https://www.amazon.com/Crossbody-Handbags-Waterproof-Shoulder-Messenger/dp/B073XHDBH2?th=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Hynbase |
|  https://www.kipling-usa.com/elysia-handbag/HB6938.html?dwvar_HB6938_color=051#uuid=bcL5YiaagVSRaaaadqeGpTqFJI |  https://www.amazon.com/Hynbase-Womens-Hangbag-Waterproof-Shoulder/dp/B075MZ5STS |

[15] Same bag; different seller as Bagtopia JINQIAOER Crossbody

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by MiCoolker |
|---|---|
|  |  |
| https://www.kipling-usa.com/alvar-xs-mini-bag/AC7098.html?dwvar_AC7098_color=001#uuid=bcdH2iaagZpLaaaadaiE33XvbP&display=143&sz=99 | https://www.amazon.com/dp/B00WZIHP1C?_encoding=UTF8&psc=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Emily Boutique |
|  |  |
| https://www.kipling-usa.com/defea-handbag/HB3170.html?dwvar_HB3170_color=414#uuid=bexOkiaagZ0CQaaadabo73XvcP&display=143&sz=99 | https://www.amazon.com/Outreo-Handbag-Messenger-Waterproof-Shoulder/dp/B06Y1V2FBF?th=1 |

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by The World of Queenie Wong |
|---|---|
|  https://www.kipling-usa.com/defea-handbag/HB3170.html?dwvar_HB3170_color=001&colorid=001#uuid=bexOkiaagZ0CQaaadabo73XvcP |  https://www.amazon.com/Queenie-Waterproof-Shoulder-Messenger-Handbag/dp/B07CKWKN7H?th=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Shop D'Oro[16] |
|  https://www.kipling-usa.com/angie-handbag/HB6680.html?dwvar_HB6680_color=676&colorid=676#uuid=bdheUiaagZJ2Qaaadkzyxp1b6D |  https://www.ebay.com/itm/Lightweight-Waterproof-Nylon-Shoulder-Bag-Crossbody-Zipper-Pockets-Messenger-Ba/162228757794?hash=item25c5966522%3Ag%3AK5AAAOSwmLlX9SAI |

---

[16] Same bag; different seller Big Mango JINQIAOER Knock-Off Hangbag

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by TianHengYi |
|---|---|
|  |  |
| https://www.kipling-usa.com/atlee-handbag/HB7508.html?dwvar_HB7508_color=001#uuid=2c25064838 56721f4d8a18e64b | https://www.amazon.com/dp/B06X3V7PJG?_encoding=UTF8&psc=1 |
| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Tiny Chou |
|  |  |
| https://www.kipling-usa.com/seoul-go-small-backpack/BP4366.html?dwvar_BP4366_color=001#uuid=dd1639ee19 42d137f9744af187 | https://www.amazon.com/Tiny-Chou-Lightweight-Waterproof-Backpack/dp/B018YXTHFI?th=1 |

| Genuine KIPLING Brand | Knock-off JINQIAOER Brand sold by Tiny Chou[17] |
|---|---|
|  https://www.kipling-usa.com/seoul-go-small-backpack/BP4366.html?dwvar_BP4366_color=001#uuid=dd1639ee1942d137f9744af187 |  https://www.amazon.com/Tiny-Chou-Waterproof-Backpack-Traveling/dp/B0153DSVT0?th=1 |
| Genuine KIPLING Brand | Knock-off Travistar Brand |
|  https://www.kipling-usa.com/defea-handbag/HB3170.html?dwvar_HB3170_color=414#uuid=bexOkiaagZ0CQaaadabo73XvcP |  https://www.amazon.com/Travistar-Waterproof-Backpack-Shoulder-Backpack-Multifunction/dp/B073WWH7SW?th=1 |

79.     Photos of other Knock-Off products relevant to this action are attached as Exhibit

C.  The Knock-Offs are often nearly identical to and are colorable imitations of Kipling's unique,

distinctive Kipling Trade Dress and Kipling Logo Marks, as can easily be seen  in Paragraphs 76

and 78.

80.     Defendants purport to offer for sale their Knock-Offs of the Kipling Trade Dress

under  other  "brand  names"  such  as  "JINQIAOER,"  "AOTIAN,"  "JIARIOINGREN,"

---

[17] Same bag; different seller as Eaglebeky JINQIAOER Knock-Off Backpack

"TRAVISTAR," "YUNYANG," and "TEGAOTE," yet it is clear from each of the images in paragraphs 76 and 78 and Exhibit C that the Defendants intend to trade off the goodwill of the Kipling Trade Dress and Kipling Logo Marks to offer for sale and sell their Knock-Offs.

81.     On information and belief, many of these "brands" are coming from the same sources, are used on identical bags, and likely exist in an attempt to evade policing efforts and further confuse consumers.

82.     On information and belief, Defendants have attempted to register their "marks" on the Primary Register in the United States, and have abandoned their efforts to seek protection for such marks when challenged.

83.     Defendants' bad-faith intent to imitate the Kipling Trade Dress is obvious by its blatant copying of the iconic Kipling Trade Dress—without the Kipling Word Marks—solely for the intent of trading off the Kipling good will.

84.     The fact that counterfeiters and infringers copy the Kipling Trade Dress and Kipling Logo Marks, even when they do not copy the Kipling Word Marks or Word and Design Marks and brand name itself, is evidence that the public recognizes the design elements as source identifiers.

85.     In addition, the infringing brands are promoted at the point of sale using variations of genuine KIPLING style names in the model number or description of the Knock-Off bags, and are even referred to as "fake" or "replica" Kipling bags:[18]

---

[18]     *See,     e.g.,*     https://www.aliexpress.com/item/AOTIAN-High-Quality-fashion-Women-s-Messenger-Bags-Nylon-Handbag-Travel-Casual-Original-Bag-Shoulder-Female/32882071570.html?ws_ab_test=searchweb0_0,searchweb201602_2_10152_10151_10065_10344_10130_10068_10324_10547_10342_10325_10546_10343_10340_10548_10341_10545_10696_10084_10083_10618_10307_10059_100031_10103_10624_10623_10622_10621_10620,searchweb201603_11,ppcSwitch_5&algo_expid=577ea773-fbb3-46e9-84b2-07ec94bc78fe-10&algo_pvid=577ea773-fbb3-46e9-84b2-07ec94bc78fe&priceBeautifyAB=0;



86.     The Knock-Offs use substantially identical imitations of the Kipling Trade Dress and Kipling Logo Marks in a manner that is likely to cause consumer confusion and deceive the public regarding their source, sponsorship, or affiliation.

87.     Upon information and belief, Defendants are involved in the manufacture, distribution, and/or sale of knock-off bags which are offered for sale and sold through multiple online websites directed at U.S. consumers, including www.amazon.com, www.ebay.com, www.aliexpress.com, and marketed on various social media platforms.

88.     Despite Defendants' knowledge of Kipling's rights and Kipling's attempts to stop Defendants' slavish copying, Defendants continue to sell bags through numerous channels that infringe and unfairly compete with Kipling's authentic products.

89.     On information and belief, Defendants sell the Knock-Offs online and ship them to the United States through various foreign intermediaries to avoid policing efforts.

90.     On information and belief, Defendants sell the Knock-Offs with full knowledge of Kipling's prior exclusive rights, with knowledge of the reputation and goodwill of the Kipling

---

https://guide.alibaba.com/shop/kiplings-waterproof-monkey-bag-brand-kiple-nylon-women-messenger-bag-travel-desigual-handbag-bolsa-kip-womens-top-handle-bag_55682313.html;
https://poshmark.com/listing/Fake-Black-Kipling-Bag-55b5c0947c531a598d00f7d7;
https://poshmark.com/listing/Fake-Kipling-Bag-PINK-55b5c02a10b889683300f7dc.

Trade Dress and Kipling Logo Marks, and with the knowledge that these identifiers are associated exclusively with Kipling.

91.     Defendants, without any authorization or license from Kipling, have knowingly and willfully used and continue to use the Kipling Trade Dress and Kipling Logo Marks in connection with the advertisement, marketing and offer for sale of the Knock-Offs, through, *inter alia*, the Internet.

92.     The Knock-Offs are not genuine Kipling bags.  The Knock-Offs did not originate from Kipling and Kipling did not approve the Knock-Offs for sale or distribution.

93.     The design of the Knock-Offs so closely resembles the Kipling Trade Dress and Kipling Logo Marks that they unfairly and unlawfully wrest from Kipling control over its reputation.

94.     Defendants' use of the Kipling Trade Dress and Kipling Logo Marks on or in connection with the advertising, marketing, and offering for sale of the Knock-Offs is likely to cause and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Kipling.

95.     Defendants' actions are irreparably harming Kipling's brand and its valuable Kipling Trade Dress and Kipling Logo Marks.  Kipling has no adequate remedy at law.

**COUNT I**
**FEDERAL TRADEMARK AND TRADE DRESS INFRINGEMENT**

96.     Kipling incorporates by reference each of the allegations in the paragraphs above and further alleges as follows:

97.     The Kipling Trade Dress is used in commerce, is not functional, is inherently distinctive and has acquired secondary meaning in the marketplace.

98.     The Kipling Logo Marks are used in commerce, are highly distinctive, arbitrary, and famous, and have become universally associated in the public mind with Kipling and related services of the very highest quality and reputation.

99.     Defendants' use of confusingly similar imitations of the Kipling Trade Dress and Kipling Logo Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Kipling, or are associated or connected with Kipling, or have the sponsorship, endorsement, or approval of Kipling.

100.    Defendants have used marks confusingly similar to the Kipling Trade Dress and Kipling Logo Marks in violation of 15 U.S.C. §§ 1114 and 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Kipling's goodwill and reputation as symbolized by the Kipling Trade Dress and Kipling Logo Marks, for which Kipling has no adequate remedy at law.

101.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Kipling Trade Dress and Kipling Logo Marks to Kipling's great and irreparable harm.

102.    Defendants have caused and are likely to continue causing substantial injury to the public and to Kipling, and Kipling is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

103.     By reason of the foregoing acts, Kipling is suffering and will continue to suffer irreparable damage.  Unless the Defendants are enjoined from continuing these wrongful acts, the damage to Kipling will increase.  Kipling has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

104.     Kipling incorporates by reference each of the allegations in the paragraphs above and further alleges as follows:

105.     Kipling owns common law rights in the Kipling Word Marks and the Kipling Trade Dress for use in connection with bags, luggage, apparel, accessories and, in the case of the Kipling Word Marks, retail services for those goods, including online retail store services.

106.     Defendants' sales and offers for sale of the Knock-Offs and Defendants' conduct complained of herein constitute a false designation of origin and a false representation as to the origin of Defendants' goods, is likely to cause confusion, mistake, or deception as to the source of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Kipling.

107.     On information and belief, Defendants chose to appropriate the Kipling Trade Dress and Kipling Logo Marks for the Knock-Offs with constructive and/or actual knowledge of Kipling's prior use of and rights in the Kipling Trade Dress and Kipling Logo Marks.   On information and belief, Defendants sell and offer for sale the Knock-Offs with the intent to cause confusion, to cause mistake, or to deceive.

108.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

## COUNT III
## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

109.    Kipling incorporates by reference each of the allegations in the paragraphs above and further alleges as follows:

110.    The acts of the Defendants complained of herein constitute trade dress and trademark infringement and unfair competition in violation of the common law of the State of New York.

111.    On information and belief, Defendants intentionally and willfully infringed and misappropriated the Kipling Trade Dress and Kipling Logo Marks, took advantage and traded on Kipling's efforts and good will, and otherwise unfairly competed with Kipling with the intent of causing confusion, mistake and deception as to the source for the Kipling Trade Dress and KIPLING Logo Marks, and with the intent to pass off the Knock-Offs as Kipling's bags.  As such, Defendants have committed unfair competition in violation of the common law of the State of New York.

112.    On information and belief, Defendants chose to appropriate the Kipling Trade Dress for the Knock-Offs with constructive and/or actual knowledge of Kipling's prior use of and rights in the Kipling Trade Dress and Kipling Logo Marks.  By adopting and using a colorable imitation of the valuable and distinctive Kipling Trade Dress and Kipling Logo Marks, Defendants have been unjustly enriched and Kipling has been damaged.

113.    Due to the acts of the defendants complained of herein, Kipling has suffered, is suffering and will continue to suffer irreparable damage.  Unless the Defendants are enjoined from continuing these wrongful acts, the damage to Kipling will increase.  Kipling has no adequate remedy at law.

**COUNT IV**
**UNLAWFUL DECEPTIVE ACTS AND PRACTICES**
**(New York General Business Law. § 349)**

114.    Kipling incorporates by reference each of the allegations in the paragraphs above and further alleges as follows:

115.    Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of Section 349 of the New York General Business Law.

116.    Defendants' use of copies or simulations of the Kipling Trade Dress and Kipling Logo Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Knock-Offs, and is likely to deceive the public into believing the Knock-Offs being sold by Defendants originate from, are associated with, or are otherwise authorized by Kipling.

117.    Defendants' deceptive acts and practices are consumer-oriented, involve public sales activities of a recurring nature, and are causing harm to the public.

118.    Defendants' conduct is willful and in knowing disregard of Kipling's rights.

119.    Kipling has no adequate remedy at law.  If Defendants' activities are not enjoined harm to the public at large will continue and Kipling will continue to suffer irreparable harm and injury to its goodwill and reputations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor against the Defendants, granting the following relief:

A.    An adjudication that Defendants have infringed the Kipling Trade Dress and Kipling Logo Marks under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and at common law; and have competed unfairly with Plaintiff under Section

43(a) of the Lanham Act (15 U.S.C. §1125(a)), at common law, and under New York General Business Law § 349;

B.    The grant of an injunction preliminarily and permanently restraining and enjoining the Defendants, their officers, agents, directors, shareholders, principals, licensees, distributors, employees, servants, attorneys, affiliates, subsidiaries and assigns and all those persons or entities in active concert or participation with them from manufacturing, distributing, selling, or offering products for sale that infringe upon the Kipling Trade Dress or Kipling Logo Marks, Kipling Word Marks, or Kipling Word and Design Marks including:

a.    using the Kipling Trade Dress, or any of the Kipling Logo Marks or Kipling Word Marks or Kipling Word and Design Marks or the Longtail Monkey Design Mark (as defined in the Verified Complaint), or any similarities thereof, in any manner in connection with the advertising, marketing, promotion, and offering for sale of merchandise that is not the genuine product of Plaintiff, or that is in any manner likely to cause others to believe that it is connected with, sponsored, affiliated, or approved by Plaintiff;

b.    passing off, inducing or enabling others to offer for sale or pass off any bags, luggage, accessories, or other items which are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise;

c.    committing other acts calculated to cause purchasers and/or the general public to mistakenly believe that the products Defendants are offering for sale are Plaintiff's genuine merchandise, or are sponsored or approved by,

or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.    further infringing the Kipling Trade Dress and/or Kipling Logo Marks and/or Kipling Word Marks and/or Kipling Word and Design Marks and/or Longtail Monkey Design Mark, and damaging Plaintiff's goodwill;

e.    otherwise competing unfairly with Plaintiff in any manner;

f.    shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe any of Plaintiff's Kipling Trade Dress and/or Kipling Logo Marks and/or Kipling Word Marks and/or Kipling Word and Design Marks and/or Longtail Monkey Design Mark;

g.    applying to register or registering with the United States Patent and Trademark Office or in any state trademark registry the Knock-Offs or any other trade dress or trademarks consisting in whole or in part of any simulation, reproduction, copy or colorable imitation of the Kipling Trade Dress and/or Kipling Logo Marks and/or Kipling Word Marks and/or Kipling Word and Design Marks and/or Longtail Monkey Design Mark; and

h.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the subparagraphs (a)-(g) above;

C.      That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs B.a through h. <u>supra</u>.

D.      Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale, or any service, advertised, promoted, sold or offered for sale by Defendants is in any manner authorized by Plaintiff or related in any way to Plaintiff;

E.      An award to Plaintiff of all damages suffered by Plaintiff, and all of Defendants' profits gained by reason of the infringing acts and other acts complained of herein;

F.      An award of enhanced damages, up to and including trebling of Plaintiff's damages and an award of punitive damages;

G.      An award of Plaintiff's costs of suit and reasonable attorneys' fees due to the exceptional nature of this case, or as otherwise permitted by law; and

H.      Any further relief that this Court deems just and proper.

Dated: September 12, 2018

Respectfully submitted,

By: _____
Susan M. Kayser, NY Bar # 1892231

K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Telephone:  (212) 536.3900
Facsimile:  (212) 308.6661
Susan.Kayser@klgates.com

Christopher J. Fahy (*pro hac vice application pending*)
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Telephone: (312) 807-4324
Facsimile: (312) 827-8000
Christopher.Fahy@klgates.com

*Attorneys for Kipling Apparel Corp.*

## VERIFICATION OF KIA WIMMER

I, Kia Wimmer, am Assistant General Counsel of Kipling.  I have read the foregoing Verified Complaint and all of the allegations of fact contained therein are true and correct to the best of my personal knowledge or based on my review of Plaintiffs' records.  As to all other matters in the Verified Complaint, which are stated to be on information and belief, I believe them to be true on this same basis.


_____
Kia H. Wimmer, Assistant General Counsel

## **NOTARIAL CERTIFICATE**

UNITED STATES OF AMERICA    :
STATE OF DELAWARE        : ss.
COUNTY OF NEW CASTLE      :

   This 10th day of September, 2018, came before me, Laurie A. Anderson, Notary Public for said County and State, Kia H. Wimmer, who, being by me sworn, says that she is the Assistant General Counsel of KIPLING APPAREL CORP., a Delaware corporation, and that the seal affixed to the foregoing instrument in writing is the corporate seal of said company, and that said writing was signed and sealed by her on behalf of said corporation by its authority given.   And the said Kia H. Wimmer acknowledged the said writing to be the act and deed of said corporation.

   WITNESS my hand and official seal, this the 10th day of September, 2018.

(Official Seal)

_____
                  NOTARY PUBLIC

My Commission Expires: January 8, 2020

BRMFS1 233802v1