# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIPLING APPAREL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOADING BAIGOU XINCHENG YOUNUO TRADING CO., LTD, Shenzhen XinYu Innovation Technology Ltd., TRAVISTAR, TINY CHOU, Shenzhen Fancier Industrial Co., Ltd. (d/b/a Fansela), Bagtopia, KESEE, Melord, Baisite Mall, Degohome, ITESOON, Big Mango, CHUANGLI, Cloth Shake, Dijinghao Shop a/k/a DJHbuy, Eaglebeky, Ecolaki, Edfamily, GuiShi E-commerce Co., Ltd, Hynbase, YOUDE, MiCoolker, Emily Boutique, The World of Queenie Wong a/k/a Queenie, Shop D'Oro, TianHengYi, YallFairy/YallFF, Noel Pullman, NANRUI Trading, Honesty & Reliable store, and Asm's Bag Store, John and Jane Does, AND XYZ COMPANIES, <br><br> Defendants. | CASE NO. 18-cv-8333 (ALC) <br><br> USDC SDNY <br> DOCUMENT ELECTRONICALLY FILED <br> DOC#: _____ <br> DATE FILED: **9/14/18** |

## TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, ORDER GRANTING SERVICE BY EMAIL AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Plaintiff Kipling Apparel Corp. ("Kipling"), having moved *ex parte* against Defendants

BOADING BAIGOU XINCHENG YOUNUO TRADING CO., LTD, Shenzhen XinYu

Innovation Technology Ltd., TRAVISTAR, TINY CHOU, Shenzhen Fancier Industrial Co., Ltd.

(d/b/a Fansela), Bagtopia, KESEE, Melord, Baisite Mall, Degohome, ITESOON, Big Mango,

CHUANGLI, Cloth Shake, Dijinghao Shop a/k/a DJHbuy, Eaglebeky, Ecolaki, Edfamily, GuiShi

E-commerce Co., Ltd, Hynbase, YOUDE, MiCoolker, Emily Boutique, The World of Queenie

Wong a/k/a Queenie, Shop D'Oro, TianHengYi, YallFairy/YallFF, Noel Pullman, NANRUI

Trading, Honesty & Reliable store, and Asm's Bag Store, John and Jane Does, and XYZ

COMPANIES (collectively, "Defendants") for (1) an Order temporarily restraining Defendants from offering for sale their Infringing Products or otherwise infringing the Kipling Trade Dress or Kipling Logo Marks; (2) an Order authorizing expedited discovery; (3) an Order authorizing service of process by electronic mail; and (4) an Order to show cause for preliminary injunction in this action arising out of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125; N.Y. Gen. Bus. 349 (McKinney); and New York common law.   Having reviewed the Verified Complaint, Memorandum of Law, supporting Declarations of Priscilla Serrano, Rob Holmes, and Susan Kayser, and the exhibits submitted therewith (the "TRO Papers"), the Court finds:

1.      Plaintiff is likely to succeed in showing that Defendants offer for sale infringing merchandise—including, but not limited to, bags, luggage, and other merchandise bearing the Kipling Trade Dress and Kipling Logo Marks ("Infringing Products")—to consumers in the United States.

2.      The offering for sale of the Infringing Products has resulted and will result in immediate and irreparable injury to Plaintiff if injunctive relief is not granted;

3.      Plaintiff's harm from denial of the requested *ex parte* order would outweigh any harm to Defendants' legitimate interests should such order be granted; and

4.      Relief other than that provided for herein would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's equitable remedies for trade dress and trademark violations under federal and state law.

Therefore, IT IS HEREBY ORDERED THAT Defendants shall show cause on or before the 24th day of September, 2018, at 2 p.m. or as soon thereafter as counsel can be heard, in Courtroom 1306, in the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY, 10007, why an order should not be entered pursuant to Federal Rule

of Civil Procedure 65 and 15 U.S.C. § 1116 granting Plaintiff a preliminary injunction enjoining and restraining Defendants, their officers, agents, servants, employees, and any persons in active concert or participation with them from:

     (a)     using the Kipling Trade Dress, or any of the Kipling Logo Marks or Kipling Word Marks or Kipling Word and Design Marks or the Longtail Monkey Design Mark (as defined in the Verified Complaint), or any similarities thereof, in any manner in connection with the advertising, marketing, promotion, and offering for sale of merchandise that is not the genuine product of Plaintiff, or that is in any manner likely to cause others to believe that it is connected with, sponsored, affiliated, or approved by Plaintiff;

     (b)     passing off, inducing or enabling others to offer for sale or pass off any bags, luggage, accessories, or other items which are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise, including but not limited to such goods that infringe the Kipling Trade Dress by using the following combination of elements:

          i.     crinkled fabric that has both a unique look and feel;

          ii.     an emblem on the front of the bag with concentric circles, a star at the center, and a ring of small rectangles inside the outermost concentric circle;

          iii.     oversized circular zipper pull tabs with a pronounced black outer frame and two concentric inner circles in silver; and

          iv.     oversized zippers with oversized teeth in a silver-grey matte finish;

examples of such bags as shown in Exhibits A–D hereto;

     (c)     committing other acts calculated to cause purchasers and/or the general public to believe that the products Defendants are offering for sale are Plaintiff's genuine merchandise unless they are such, or sponsored or approved by, or connected with, or

guaranteed by, or produced under the control and supervision of Plaintiff;

(d)     further infringing Plaintiff's Kipling Trade Dress and/or Kipling Logo Marks and/or Kipling Word Marks and/or Kipling Word and Design Marks and/or Longtail Monkey Design Mark, and damaging Plaintiff's goodwill;

(e)     otherwise competing unfairly with Plaintiff in any manner; and

(f)     shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe any of Plaintiff's Kipling Trade Dress and/or Kipling Logo Marks and/or Kipling Word Marks and/or Kipling Word and Design Marks and/or the Longtail Monkey Design Mark.

IT APPEARING to the Court that Defendants are offering for sale Infringing Products and that Defendants will continue to carry out such acts unless restrained by Order of the Court, IT IS FURTHER ORDERED THAT, pending the hearing on Plaintiff's application for a preliminary injunction, Defendants, including their agents, servants, employees, attorneys, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations or having knowledge of this Order by service, actual notice or otherwise, are hereby temporarily restrained from:

(i)     Committing any of the acts set forth in subparagraphs (a)–(f) above.

(ii)    Moving, destroying, or otherwise disposing of any merchandise, documents or other items relating to the Infringing Products and Defendants' operations; and

(iii)   Removing, destroying, or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' operations or relating in any way to the Infringing Products or any reproduction, counterfeit, copy, or colorable

imitation of the Kipling Trade Dress; and

IT IS FURTHER ORDERED THAT Plaintiff is entitled to expedited discovery by providing actual notice, pursuant to subpoena, email, or otherwise, of this Order to Defendants, including their agents, servants, employees, attorneys, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations; and

IT IS FURTHER ORDERED THAT this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and

IT IS FURTHER ORDERED THAT Plaintiff may complete service of process on Defendants by electronic mail at the email addresses set forth in Exhibit AA to the Declaration of Rob Holmes, which Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4; and

IT IS FURTHER ORDERED THAT service of this Order and the TRO Papers, together with the Summons and Complaint, which may be made on Defendants by electronic mail, shall be made by September 16, 2018 at 5 p.m., upon which date Plaintiff's moving papers shall be electronically docketed on ECF; and

IT IS FURTHER ORDERED THAT upon two (2) business days' written notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order as against that Defendant; and

IT IS FURTHER ORDERED THAT Defendants' written response to Plaintiff's motion, if any, shall be filed with the Clerk of this Court and be served upon the attorneys for Plaintiff by

delivering copies thereof to the offices of K&L Gates LLP at 1601 K Street, NW, Washington, D.C. 20006-1600, Attention: Susan M. Kayser, Esq., and at 70 W. Madison Street, Suite 3100, Chicago, IL 60602, Attention: Christopher Fahy, Esq., before 5 p.m. on September 19, 2018. Any reply shall be filed and served by Plaintiff by September 21, 2018 before 5 p.m.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in the immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS FURTHER ORDERED THAT this ORDER shall be continuing in nature and apply in equal force to additional Defendants as discovered.

SO ORDERED.

Dated:  September 14, 2018        By: _____

ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# EXHIBIT D

